UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

_____

)
**JUAN PABLO VILLANUEVA-GONZALEZ,**                      )
**MARCELINO ACOSTA-GUERRERO,**                           )
**EFRAIN ALMARAZ-SANCHEZ,**                              )
**ROSALIO AVILA-IZAGUIRRE,**                             )
**JOSE LUIS AVILA-IZAGUIRRE,**                           )
**MARTIN AVILA-PEREZ,**                                  )
**ANGEL BERESTIEN-BAIZABAL,**                            )
**HERIBERTO BERISTAIN-VAZQUEZ,**                         )     **CIVIL ACTION**
**RODOLFO BERISTAIN-VERA,**                              )
**JOSE CUPERTINO BANDA-SANCHEZ,**                        )
**GASTON CABALLERO-MARTINEZ,**                           )     **No. 2:09-cv-716-FtM-29CEH**
**ALVARO CANTU-MORAN,**                                  )
**SILVESTRE CASTILLO-CHAVEZ,**                           )
**VALDEMAR CORTEZ-VASQUEZ,**                             )     <u>**CLASS ACTION**</u>
**GERARDO CRUZ-ACOSTA,**                                 )
**J. SANTOS CRUZ-AGUILAR,**                              )
**MARIO DUQUE-ESCOBAR,**                                 )
**JOSE LUIS ESQUIVEL-MENDEZ,**                           )
**OSCAR ESQUIVEL-RAMIREZ,**                              )
**EZEQUIEL ESTRADA-MARTINEZ,**                           )
**WILFRIDO ESTRADA-SANCHEZ,**                            )
**JUAN FRANCISCO GALARZA-RODRIGUEZ,**                    )
**VICTOR GALLEGOS-NARANJO,**                             )
**VALENTIN GARCIA-BERISTAIN,**                           )
**MISAEL GARCIA-BONILLA,**                               )
**MARTIN GARCIA-SANCHEZ,**                               )
**JAVIER GUERRERO-MALDONADO,**                           )
**IGNACIO GUERRERO-ZUÑIGA,**                             )
**GABRIEL HERNANDEZ-CORTEZ,**                            )
**APOLINAR HERNANDEZ-GALLEGOS,**                         )
**HECTOR MANUEL HERNANDEZ-HERNANDEZ,**                   )
**MARIO ALBERTO HERNANDEZ-HERNANDEZ,**                   )
**JONATHAN HERNANDEZ-JIMENEZ,**                          )
**FRANCISCO JAVIER JIMENEZ-MUÑOZ,**                      )
**JUAN ANGEL JIMENEZ-OLVERA,**                           )
**DANIEL ARTURO LOPEZ-PALOMO,**                          )

ENRIQUE LOPEZ-SANDOVAL,                              )
JUAN LOPEZ-SANDOVAL,                                 )
JUAN JAVIER MALDONADO-MIRANDA,                       )
MARTIN MARTINEZ-CEDILLO,                             )
VALERIO MARTINEZ-DOMINGUEZ,                          )
ANTONIO MARTINEZ-GARCIA,                             )
ALEJANDRO MARTINEZ-LOBATO,                           )
PASCUAL MARTINEZ-MARTINEZ,                           )
ALEJANDRO MARTINEZ-TORRES,                           )
ARTURO MATA-RODRIGUEZ,                               )
JOSE MAYO-CARRILLO,                                  )
JUAN JOSE MENDOZA-AGUILAR,                           )
EMMANUEL EDISON MORALES-TOVAR,                       )
CATARINO OLVERA-MORA,                                )
ALEJANDRO PANAL-MORALES,                             )
PEDRO PEÑA-CRUZ,                                     )
ALBERTO PEREZ-ELOTLAN,                               )
RAYMUNDO REQUENA-CASTILLO,                           )
NOE RIOS-VALERIO,                                    )
CESAR ARMANDO RODRIGUEZ-CARRIZALES,                  )
FELICIANO RODRIGUEZ-COLCHADO,                        )
ORLANDO RODRIGUEZ-GARCIA,                            )
VICTOR HUGO RODRIGUEZ-MORENO,                        )
JOSE LUIS RODRIGUEZ-SANTOS,                          )
JORGE LUIS ROJAS-ROMERO,                             )
J. JESUS SALAZAR-BORJA,                              )
ANGEL AMPARO SALDAÑA-CASTILLO,                       )
PRISCILIANO SANCHEZ-ESCOBAR,                         )
VALERIANO SANCHEZ-MUÑIZ,                             )
NORBERTO SANCHEZ-SANDOVAL,                           )
HECTOR MANUEL SANIA-ALVAREZ,                         )
AGUSTIN SANTANA-JARQUIN,                             )
ABELINO SANTANA-RAMIREZ,                             )
DIEGO SANTOS-BARRON,                                 )
JOSE MARTIN SANTOS-COLCHADO,                         )
HOMERO TREJO-ESQUIVEL,                               )
LUCIO TREJO-TOVAR,                                   )
ENRIQUE VALERIO-NARANJO,                             )
SABINO VALERIO-NARANJO,                              )
MIGUEL VALERIO-NARANJO,                              )
ADOLFO VALLEJO-MEZA,                                 )
EDUARDO VASQUEZ-MARTINEZ,                            )
SERGIO ANTONIO VAZQUEZ-RODRIGUEZ,                    )

FELICIANO VEGA-BARAJAS,                          )
JAIME VELA-GARZA,                                )
MARCELO VERA-HERNANDEZ,                          )
HECTOR MANUEL ZANELLA-ALVAREZ,                   )
EFRAIN ZEA-TREJO,                                )
LEOPOLDO ZEA-TREJO,                              )
NABOR ZENI-FLORES and                            )
JULIO CESAR ZUÑIGA-CONTRERAS,                    )
individually and on behalf of                    )
all other persons similarly situated,            )
                                                 )
                    Plaintiffs,                  )
                                                 )
vs.                                              )
                                                 )
GRAINGER FARMS, INC.,                            )
                                                 )
                    Defendant.                   )
_____ )

## SECOND AMENDED COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, COSTS OF LITIGATION, AND ATTORNEYS' FEES

### PRELIMINARY STATEMENT

1. This is an action by eighty-six (86) Mexican nationals who lawfully entered the United States to perform labor planting, cultivating and picking tomatoes for Defendant Grainger Farms, Inc. on Grainger's operations in southwest and central Florida at various times during the 2007-08 or 2008-09 Florida tomato seasons. The Plaintiffs bring this action to recover minimum wages due them under the Fair Labor Standards Act, 29 U.S.C. §§201, et seq. In addition, the Plaintiffs seek redress on behalf of themselves and their fellow workers for Grainger Farms, Inc.'s violations of the minimum wage provisions of the Florida Constitution, Art.10, §24. Finally, the Plaintiffs seek damages for Grainger Farms, Inc.'s breach of numerous provisions of

its work contract with the Plaintiffs and their co-workers.  These contractual breaches include the failure of Grainger Farms, Inc. to provide wage and transportation benefits and to maintain payroll records and issue wage statements as promised in the workers' contracts and as required by applicable federal regulations.

2.  Along with other Mexican nationals, the Plaintiffs entered the United States pursuant to special H-2A visas for employment with Grainger Farms, Inc. during the 2007-08 and/or 2008/09 Florida tomato seasons.  Grainger Farms, Inc. paid the Plaintiffs and their fellow H-2A workers wages below the rates required by the FLSA, the minimum wage provisions of the Florida Constitution and applicable H-2A regulations.   The  Plaintiffs and the other class members were not credited with or paid for all compensable hours for which they were employed.  Among other things, Grainger Farms, Inc. failed to treat as compensable time the Plaintiffs and the other class members spent at the Defendants' jobsite during the early morning hours waiting for the dew to dry on the tomato plants and time the Plaintiffs and the other class members waited at the jobsite at the conclusion of the workday while their picking tokens were counted by their supervisors.  As a result of these practices by Grainger Farms, Inc., the earnings of the Plaintiffs and the other class members fell below the wage levels dictated by the FLSA, the minimum wage provisions of the Florida Constitution and the H-2A regulations.

3.  The Plaintiffs seek an award of money damages and declaratory relief to make them whole for damages suffered as a result of the violations of law by Grainger Farms, Inc.

## JURISDICTION

4.  Jurisdiction is conferred upon this Court by 29 U.S.C. §216(b), this action arising

under the FLSA; by 28 U.S.C. §1331, this action arising under the laws of the United States and presenting state law claims that implicate significant federal issues; and by 28 U.S.C. §1367 providing supplemental jurisdiction over the common law claims. This Court has supplemental jurisdiction over the claims arising under state law because these claims are so related to the federal claims that they form part of the same case or controversy.

5.    Declaratory relief is authorized pursuant to 28 U.S.C. §§2201 and 2202.


## VENUE

6.    Venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).


## PARTIES

7.    The Plaintiffs are each citizens of Mexico.  Each of them was admitted to the United States on a temporary basis pursuant to 8 U.S.C.  §1101(a)(15)(H)(ii)(a) for employment on the operations of Grainger Farms, Inc. during the 2007-08 and/or 2008-09 tomato season.

8.    Plaintiffs Marcelino Acosta-Guerrero, Rosalio Avila-Izaguirre, Jose Luis Avila-Izaguirre, Martin Avila-Perez, Jose Cupertino Banda-Sanchez, Heriberto Beristain-Vazquez, Gaston Caballero-Martinez, Gerardo Cruz-Acosta, J. Santos Cruz-Aguilar, Mario Duque-Escobar, Oscar Esquivel-Ramirez, Ezequiel Estrada-Martinez, Wilfrido Estrada-Sanchez, Victor Gallegos-Naranjo, Martin Garcia-Sanchez, Javier Guerrero-Maldonado, Apolinar Hernandez-Gallegos, Mario Alberto Hernandez-Hernandez, Juan Angel Jimenez-Olvera, Daniel Arturo Lopez-Palomo, Enrique Lopez-Sandoval, Juan Lopez-Sandoval, Juan Javier Maldonado-Miranda, Martin Martinez-Cedillo, Antonio Martinez-Garcia, Pascual

Martinez-Martinez, Alejandro Martinez-Torres, Jose Mayo-Carrillo, Juan Jose Mendoza-Aguilar, Catarino Olvera-Mora, Alejandro Panal-Morales, Pedro Peña-Cruz, Raymundo Requena-Castillo, Angel Amparo Saldaña-Castillo, Prisciliano Sanchez-Escobar, Valeriano Sanchez-Muñiz, Norberto Sanchez-Sandoval, Diego Santos-Barron, Jose Martin Santos-Colchado, Homero Trejo-Esquivel, Enrique Valerio-Naranjo, Miguel Valerio-Naranjo, Adolfo Vallejo-Meza, Sergio Antonio Vazquez-Rodriguez, Jaime Vela-Garza, Juan Pablo Villanueva-Gonzalez, Hector Manuel Zanella-Alavrez, Nabor Zeni-Flores and Julio Cesar Zuñiga-Contreras were each admitted to the United States on a temporary basis pursuant to 8 U.S.C. §1101(a)(15)(H)(ii)(a) for employment with Grainger Farms, Inc. during the 2007-08 Florida tomato season.

9.  Plaintiffs Efrain Almaraz-Sanchez, Martin Avila-Perez, Jose Cupertino Banda-Sanchez, Angel Beristien-Baizabal, Heriberto Beristain-Vazquez, Rodolfo Beristain-Vera, Alvaro Cantu-Moran, Silvestre Castillo-Chavez, Valdemar Cortez-Vasquez, Mario Duque-Escobar, Jose Luis Esquivel-Mendez, Juan Francisco Galarza-Rodriguez, Valentin Garcia-Beristain, Misael Garcia-Bonilla, Ignacio Guerrero-Zuñiga, Gabriel Hernandez-Cortez, Apolinar Hernandez-Gallegos, Hector Manuel Hernandez-Hernandez, Jonathan Hernandez-Jimenez, Francisco Javier Jimenez-Muñoz, Juan Angel Jimenez-Olvera, Juan Javier Maldonado-Miranda, Valerio Martinez-Dominguez, Antonio Martinez-Garcia, Alejandro Martinez-Lobato, Alejandro Martinez-Torres, Arturo Mata-Rodriguez, Emmanuel Edison Morales-Tovar, Catarino Olvera-Mora, Pedro Peña-Cruz, Alberto Perez-Elotlan, Raymundo Requena-Castillo, Noe Rios-Valerio, Cesar Armando Rodriguez-Carrizales, Feliciano Rodriguez-Colchado, Orlando Rodriguez-Garcia, Victor Hugo Rodriguez-Moreno, Jose Luis

Rodriguez-Santos, Jorge Luis Rojas-Romero, J. Jesus Salazar-Borja, Valeriano Sanchez-Muñiz, Hector Manuel Sania-Alvarez, Agustin Santana-Jarquin, Abelino Santana-Ramirez, Homero Trejo-Esquivel, Lucio Trejo-Tovar, Enrique Valerio-Naranjo, Sabino Valerio-Naranjo, Miguel Valerio-Naranjo, Eduardo Vasquez-Martinez, Feliciano Vega-Barajas, Marcelo Vera-Hernandez, Hector Manuel Zanella-Alavrez, Efrain Zea-Trejo and Leopoldo Zea-Trejo were each admitted to the United States on a temporary basis pursuant to 8 U.S.C.  §1101(a)(15)(H)(ii)(a) for employment with Grainger Farms, Inc. during the 2008-09 Florida tomato season.

10.  At all times relevant to this action, each of the Plaintiffs was employed in the production of goods for interstate commerce, within the meaning of the FLSA.

11.  Defendant Grainger Farms, Inc. is a Florida limited partnership that maintains its principal offices in Bradenton, Florida.

12.  Grainger Farms, Inc. grows tomatoes for sale in Manatee and Collier Counties, Florida for sale in interstate commerce.

13.  At all times relevant to this action, Grainger Farms, Inc. employed the Plaintiffs and the other class members within the meaning of the FLSA, 29 U.S.C. §203(d).

14.  At all times relevant to this action, Grainger Farms, Inc. was an employer of the Plaintiffs and the other class members within the meaning of 20 C.F.R. §655.100(b).

## CLASS ACTION ALLEGATIONS

15.  All claims set forth in Counts II and III are brought by the Plaintiffs on behalf of themselves and all other similarly situated persons pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

16. The Plaintiffs seek to represent a class consisting of all H-2A workers who were employed by Defendant Grainger Farms, Inc. during the 2007-08 and/or 2008-09 Florida tomato seasons.

17. The class members are so numerous and so geographically dispersed as to make joinder impracticable.  The precise number of individuals in the class is known only to Grainger, but the Plaintiffs believe that the class includes over 200 individuals.  The class is comprised of indigent migrant agricultural workers who are citizens of Mexico and reside in various states within Mexico.  The class members are not fluent in the English language and are unfamiliar with the American judicial system.  The relatively small size of the individual claims and the indigence of the class members makes the maintenance of separate actions by each class member economically infeasible.

18. There are questions of law and fact common to the class.  These common legal and factual questions include whether Grainger Farms, Inc. breached the terms of its employment contracts, as embodied in the company's clearance orders, by failing to provide the class members wage and other benefits as mandated by the contracts and the federal regulations implementing the H-2A program.

19. The Plaintiffs' claims are typical of those of the other class members and these typical, common claims predominate over any questions affecting only individual class members.  All class members were subjected to the contractual breaches set out herein.  The Plaintiffs have the same interests as do other members of the class in recovering the wages due them under their employment contracts with Grainger Farms, Inc. and will vigorously prosecute these interests on behalf of the class.

20.  The Plaintiffs will fairly and adequately represent the interests of the class.  The Plaintiffs' interests are in no way antagonistic or adverse to those of the other class members.

21. The Plaintiffs' counsel is experienced in handling actions by H-2A workers to enforce their rights under their employment contracts and has handled numerous class actions in the federal courts, including actions on behalf of H-2A workers.  The Plaintiffs' counsel is prepared to advance litigation costs necessary to vigorously litigate this action and to provide notice to the class members under Rule 23(b)(3).

22. A class action under Rule 23(b)(3) is superior to other available methods of adjudicating this controversy because, inter alia:

a.      The common issues of law and fact, as well as the relatively small size of the individual class members' claims, substantially diminish the interest of members of the class in individually controlling the prosecution of separate actions;

b.      Many members of the class are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

c.      There has been no litigation already commenced against Grainger Farms, Inc. by the members of the class to determine the questions presented;

d.      It is desirable that the claims be heard in this forum because Grainger Farms, Inc. is a resident of this district and the cause of action arose in this district; and

e.      A class action can be managed without undue difficulty because Grainger Farms, Inc. has regularly committed the violations complained of herein, and is required to maintain detailed records concerning each member of the class.

## FACTS

23. An agricultural employer in the United States may import aliens to perform labor of a temporary nature if the U.S. Department of Labor certifies that (1) there are insufficient available workers within the United States to perform the job, and (2) the employment of aliens will not adversely affect the wages and working conditions of similarly-situated U.S. workers. 8 U.S.C. §§1101(a)(15)(H)(ii)(a) and 1188 (a)(1). Aliens admitted in this fashion are commonly referred to as "H-2A workers."

24. Agricultural employers seeking the admission of H-2A workers must first file a temporary labor certification application with the U.S. Department of Labor. 20 C.F.R. §§655.101(a)(1) and (b)(1).

25. This application must include a job offer, commonly referred to as a "clearance order" or "job order," complying with applicable regulations, which is used in the recruitment of both U.S. and H-2A workers. 20 C.F.R. §655.101(b)(1). These regulations establish the minimum benefits, wages, and working conditions that must be offered in order to avoid adversely affecting similarly-situated U.S. workers. 20 C.F.R. §§655.0(a)(2), 655.102(b), and 655.103. Among these terms are the following:

a. Payment to all workers of at least the applicable adverse effect wage rate for every hour or portion thereof worked during a pay period. 20 C.F.R. §§655.102(b)(9)(I) and (ii). The applicable adverse effect wage rate for Florida was $8.56 per hour from the beginning of the 2007-08 harvest through February 25, 2008. The adverse effect wage rate for Florida from February 26, 2008, through the conclusion of the 2008-09 harvest was $8.82 per hour;

b. An assurance that the employer will keep accurate and adequate records with

respect to the workers' earnings and the hours actually worked by the worker and the daily

starting and stopping time for work.  20 C.F.R. §655.102(b)(7)(I);

c.      An assurance that the employer will furnish to the worker each payday an hours

and earnings statement showing the hours of work offered, the hours actually worked and the

piece-work units produced daily.  20 C.F.R. §655.102(b)(8);

d.      An assurance that under each of the three clearance orders, the workers would be

guaranteed employment for at least three-fourths of the workdays covered by the relevant

clearance order, including any extensions, and if this amount of work was not offered, the

employee will be paid the amount he would have earned had he worked for the guaranteed

number of days,  20 C.F.R. §655.102(b)(6), and

e.      An assurance that the employer will abide by the requirements of 20 C.F.R.

§653.501, including the requirements of 20 C.F.R. §653.501(d)(4), mandating compliance with

state minimum wage laws.

26.  Alleging a lack of available documented agricultural workers in the area of its

operations, Grainger Farms, Inc. filed separate applications to employ temporary foreign workers

through the H-2A program during the 2007-08 and 2008-09 Florida tomato seasons.

27.  The initial temporary labor certification application filed on behalf of Grainger

Farms, Inc. for the 2007-08 harvest sought admission of thirty-three (33) workers for

employment from August 23, 2007, through May 31, 2008, and was anticipated to provide

workers with an average of thirty-six (36) hours of employment per week.  This temporary labor

certification application included a clearance order containing the assurances as set forth in

Paragraph 25.

-11-

28.  A second clearance order filed on behalf of Grainger Farms, Inc. sought the admission of an additional eight (8) workers for employment from December 28, 2007, through May 31, 2008, and was anticipated to provide workers with an average of thirty-six (36) hours of employment per week.  This temporary labor certification application included a clearance order containing the assurances as set forth in Paragraph 25.

29.  For the 2008-09 tomato season, Grainger Farms, Inc. filed a temporary labor certification application seeking ninety (90) workers for employment between August 15, 2008, and June 15, 2009, and was anticipated to provide workers with an average of thirty-six (36) hours of employment per week.  This temporary labor certification application included a clearance order containing the assurances as set forth in Paragraph 25.

30.  As part of its temporary labor certification applications as described in Paragraphs 26 through 29, Grainger Farms, Inc. submitted to the United States Department of Labor clearance orders each containing a certification that the respective clearance orders described the actual terms and conditions of employment being offered and contained all material terms and conditions of the job, as required by 20 C.F.R. §653.501(d)(3).

31.  The essential terms of the clearance orders were dictated by federal regulations at 20 C.F.R. §§653.501, 655.102, and 655.103.

32.  The United States Department of Labor accepted various clearance orders filed on behalf of Grainger Farms, Inc. with respect to the 2007-08 and 2008-09 Florida tomato seasons as described in Paragraphs 26 through 31 and circulated these clearance orders to local job service offices in an effort to recruit U.S. workers to fill the positions offered.  When these efforts failed, the Department of Labor certified shortages of labor for the job openings described

in the clearance orders filed on behalf of Grainger Farms, Inc.

33.   The United States Customs and Immigration Services (USCIS) of the Department of Homeland Security ultimately issued H-2A visas to fill the manpower needs described in the clearance orders submitted on behalf of Grainger Farms, Inc.

34.   The clearance orders filed on behalf of Grainger Farms, Inc., as described in Paragraphs 26 through 31, explicitly and implicitly, incorporated the Department of Labor regulations at 20 C.F.R. §655 Subpart B, including the terms described in Paragraph 25 of this Complaint.

35.   Grainger Farms, Inc. recruited the Plaintiffs and the other class members from Mexico to fill the positions offered in the company's clearance orders for the 2007-08 and 2008-09 Florida tomato seasons.

36.   The clearance orders described in Paragraphs 26 through 31 served as the work contracts between Grainger Farms, Inc. and the H-2A workers recruited (including the Plaintiffs), pursuant to 20 C.F.R. §655.102(b)(14).   These same contracts governed the employment between Grainger Farms, Inc. and all members of the class.

37.   Following their recruitment by Grainger Farms, Inc., the Plaintiffs and the other class members traveled at their own expense from their respective homes to either Matamoros, Tamaulipas, Mexico or Monterrey, Nuevo Leon, Mexico to apply for  H-2A visas.

38.   Each Plaintiff and each other member of the class was required to purchase a passport, onto which the H-2A visa was to be affixed.

39.   Each Plaintiff and each other member of the class was required to purchase a number of photographs, some of which were used in preparation of the worker's H-2A visa and others

-13-

which were used in conjunction with the issuance of the worker's passport.

40.  In addition, each Plaintiff and the each other member of the class was required to pay approximately $100 U.S. dollars for issuance of an H-2A visa to obtain employment pursuant to the clearance order, as well as a visa application fee of approximately $130 U.S. dollars.

41.  Each Plaintiff and each other member of the class was also required to incur lodging expenses while he remained in Matamoros or Monterrey, waiting for their H-2A visa applications to be processed.

42.  At the U.S.-Mexico border, each Plaintiff and the each other member of the class was required to pay U.S. immigration officials a fee of $6 U.S. dollars for issuance of Form I-94 as a prerequisite for entering the United States.

43.  Each Plaintiff and each other member of the class was required to also incur transportation and subsistence expenses in traveling from their homes to Matamoros or Monterrey, and from Matamoros or Monterrey to Grainger Farms, Inc.'s jobsite in Florida.

44.  The expenses incurred by each Plaintiff and each other member of the class as described in Paragraphs 37 through 43 were required in preparation for working for Grainger Farms, Inc., and were primarily for the benefit of Grainger Farms, Inc.

45.  The Plaintiffs and the other class members were not fully reimbursed for the pre-employment expenses described in Paragraphs 37 through 43 during the first week of their employment with Grainger Farms, Inc.

46.  While Grainger Farms, Inc. partially reimbursed some Plaintiffs and the other class members for these pre-employment expenses at a date later during the tomato season, these reimbursements did not include all of the charges the Plaintiffs and the other class members

-14-

incurred, including, but not limited to, obtaining passports and photographs and for their lodging expenses while awaiting processing of their visa applications.

47.  In addition, the belated payments described in Paragraph 46 did not fully reimburse the Plaintiffs and the other class members for the full cost of their other pre-employment expenses as described in Paragraphs 37 through 43.

48.  The Plaintiffs and the other class members worked for Grainger Farms, Inc. at its operations in Manatee County or near Immokalee in the 2007-08 and/or 2008-09 Florida tomato seasons.  Besides picking tomatoes, the Plaintiffs and the other class members assisted in planting, weeding, staking and tying tomato plants and helped remove plastic groundcover after the tomatoes were harvested.

49.  Plaintiffs Marcelino Acosta-Guerrero, Rosalio Avila-Izaguirre, Jose Luis Avila-Izaguirre, Martin Avila-Perez, Jose Cupertino Banda-Sanchez, Heriberto Beristain-Vazquez, Gaston Caballero-Martinez, Gerardo Cruz-Acosta, J. Santos Cruz-Aguilar, Mario Duque-Escobar, Oscar Esquivel-Ramirez, Ezequiel Estrada-Martinez, Wilfrido Estrada-Sanchez, Victor Gallegos-Naranjo, Martin Garcia-Sanchez, Javier Guerrero-Maldonado, Apolinar Hernandez-Gallegos, Mario Alberto Hernandez-Hernandez, Juan Angel Jimenez-Olvera, Daniel Arturo Lopez-Palomo, Enrique Lopez-Sandoval, Juan Lopez-Sandoval, Juan Javier Maldonado-Miranda, Martin Martinez-Cedillo, Antonio Martinez-Garcia, Pascual Martinez-Martinez, Alejandro Martinez-Torres, Jose Mayo-Carrillo, Juan Jose Mendoza-Aguilar, Catarino Olvera-Mora, Alejandro Panal-Morales, Pedro Peña-Cruz, Raymundo Requena-Castillo, Angel Amparo Saldaña-Castillo, Prisciliano Sanchez-Escobar, Valeriano Sanchez-Muñiz, Norberto Sanchez-Sandoval, Diego Santos-Barron, Jose Martin

Santos-Colchado, Homero Trejo-Esquivel, Enrique Valerio-Naranjo, Miguel Valerio-Naranjo, Adolfo Vallejo-Meza, Sergio Antonio Vazquez-Rodriguez, Jaime Vela-Garza, Juan Pablo Villanueva-Gonzalez, Hector Manuel Zanella-Alavrez, Nabor Zeni-Flores and Julio Cesar Zuñiga-Contreras were employed by Grainger Farms, Inc. during the 2007-08 Florida tomato season.

50.  Plaintiffs Efrain Almaraz-Sanchez, Martin Avila-Perez, Jose Cupertino Banda-Sanchez, Angel Beristien-Baizabal, Heriberto Beristain-Vazquez, Rodolfo Beristain-Vera, Alvaro Cantu-Moran, Silvestre Castillo-Chavez, Valdemar Cortez-Vasquez, Mario Duque-Escobar, Jose Luis Esquivel-Mendez, Juan Francisco Galarza-Rodriguez, Valentin Garcia-Beristain, Misael Garcia-Bonilla, Ignacio Guerrero-Zuñiga, Gabriel Hernandez-Cortez, Apolinar Hernandez-Gallegos, Hector Manuel Hernandez-Hernandez, Jonathan Hernandez-Jimenez, Francisco Javier Jimenez-Muñoz, Juan Angel Jimenez-Olvera, Juan Javier Maldonado-Miranda, Valerio Martinez-Dominguez, Antonio Martinez-Garcia, Alejandro Martinez-Lobato, Alejandro Martinez-Torres, Arturo Mata-Rodriguez, Emmanuel Edison Morales-Tovar, Catarino Olvera-Mora, Pedro Peña-Cruz, Alberto Perez-Elotlan, Raymundo Requena-Castillo, Noe Rios-Valerio, Cesar Armando Rodriguez-Carrizales, Feliciano Rodriguez-Colchado, Orlando Rodriguez-Garcia, Victor Hugo Rodriguez-Moreno, Jose Luis Rodriguez-Santos, Jorge Luis Rojas-Romero, J. Jesus Salazar-Borja, Valeriano Sanchez-Muñiz, Hector Manuel Sania-Alvarez, Agustin Santana-Jarquin, Abelino Santana-Ramirez, Homero Trejo-Esquivel, Lucio Trejo-Tovar, Enrique Valerio-Naranjo, Sabino Valerio-Naranjo, Miguel Valerio-Naranjo, Eduardo Vasquez-Martinez, Feliciano Vega-Barajas, Marcelo Vera-Hernandez, Hector Manuel Zanella-Alavrez, Efrain Zea-Trejo and Leopoldo Zea-Trejo were employed by

Grainger Farms, Inc. during the 2008-09 Florida tomato season.

51.  The Plaintiffs and the other class members were compensated on a piece-rate basis for their work picking tomatoes for Grainger Farms, Inc., with each worker's earnings based on the number of buckets of tomatoes he harvested.  In addition, Grainger compensated various other tasks on a piece-rate basis, such as tying tomato plants.

52.  Grainger Farms, Inc. failed to make, keep and preserve records as required by the FLSA and the H-2A regulations, 20 C.F.R. §655.102(b)(7),  regarding the work of the Plaintiffs and the other class members with regard to their work on the farm's operations during the 2007-08 and 2008-09 tomato seasons.

53.  Among other things, Grainger Farms, Inc. failed to accurately record the number of compensable hours the Plaintiffs and the other class members were employed by not treating and recording as compensable the time that the Plaintiffs and the other class members spent at the company's jobsite in the morning waiting for dew to dry on the tomato plants before beginning harvesting the crop.

54.  Although the Plaintiffs and the other class members ordinarily were transported to the company's jobsite at around 7:00 A.M., Grainger Farms, Inc. recorded the workday as beginning only when the Plaintiffs and the other class members began to pick tomatoes, usually at 9:00 A.M. or later.

55.  On those days the Plaintiffs and the other class members were employed picking tomatoes, Grainger Farms, Inc. failed to treat and record as compensable the time the Plaintiffs and the other class members spent at the company's jobsite at the end of harvesting days waiting for their supervisors to count each worker's picking tokens.   This process normally lasted in

excess of thirty (30) minutes at the end of each harvesting day.

56. Grainger Farms, Inc. failed to credit the Plaintiffs with all compensable hours worked on non-harvesting tasks, including work tying tomato plants.

57. Grainger Farms, Inc. did not offer some of the Plaintiffs work for three-quarters (3/4) of the contract period specified in the clearance order contract and failed to compensate these individuals for the difference between the guaranteed three-quarters of employment under the contract and the hours of work actually offered to them.

58. Grainger Farms, Inc. did not offer some of the Plaintiffs to work until the end date set out in their respective clearance order contracts.

59. Upon conclusion of their employment with Grainger Farms, Inc., the Plaintiffs incurred expenses relating to their return to their respective homes in Mexico.  Grainger Farms, Inc. failed to reimburse the Plaintiffs for their outbound transportation and subsistence expenses as required by the clearance orders and 20 C.F.R. §655.102(b)(5)(ii).

60. Due to the practices described in Paragraphs 53 through 56, the payroll records Grainger Farms, Inc. used to compute the workweek wages of the Plaintiffs and the other class members under-reported the number of compensable hours for each worker.

61. As a result, Grainger Farms, Inc. frequently underpaid the Plaintiffs and the other class members, with the workers' pay period earnings not equaling or exceeding the minimum wage required by the FLSA, the minimum wage provisions of the Florida Constitution, Art.10, §24, and the adverse effect wage rate required by the workers' employment contracts and 20 C.F.R. §655.102(b)(9).

62. Grainger Farms, Inc. failed to furnish to the Plaintiffs, and the other members of the

class, hours and earnings statements meeting the requirements of the federal regulations, 20 C.F.R. §655.102(b)(8).   The wage statements issued to the workers did not accurately reflect the number of hours worked because of the practices described in Paragraphs 53 through 56.

## COUNT I

### (FAIR LABOR STANDARDS ACT)

63. This count sets forth a claim for declaratory relief and damages by the Plaintiffs for Grainger Farms, Inc.'s violations of the minimum wage provisions of the FLSA.

64. Plaintiffs reallege and incorporate by reference the allegations set forth in Paragraphs 1 through 62 of this Complaint.

65. Grainger Farms, Inc. violated the minimum wage provisions of the FLSA, 29 U.S.C. §206(a), by failing to pay Plaintiffs Marcelino Acosta-Guerrero, Rosalio Avila-Izaguirre, Jose Luis Avila-Izaguirre, Martin Avila-Perez, Jose Cupertino Banda-Sanchez, Heriberto Beristain-Vazquez, Gaston Caballero-Martinez, Gerardo Cruz-Acosta, J. Santos Cruz-Aguilar, Mario Duque-Escobar, Oscar Esquivel-Ramirez, Ezequiel Estrada-Martinez, Wilfrido Estrada-Sanchez, Victor Gallegos-Naranjo, Martin Garcia-Sanchez, Javier Guerrero-Maldonado, Apolinar Hernandez-Gallegos, Mario Alberto Hernandez-Hernandez, Juan Angel Jimenez-Olvera, Daniel Arturo Lopez-Palomo, Enrique Lopez-Sandoval, Juan Lopez-Sandoval, Juan Javier Maldonado-Miranda, Martin Martinez-Cedillo, Antonio Martinez-Garcia, Pascual Martinez-Martinez, Alejandro Martinez-Torres, Jose Mayo-Carrillo, Juan Jose Mendoza-Aguilar, Catarino Olvera-Mora, Alejandro Panal-Morales, Pedro Peña-Cruz, Raymundo Requena-Castillo, Angel Amparo Saldaña-Castillo, Prisciliano Sanchez-Escobar, Valeriano Sanchez-Muñiz, Norberto Sanchez-Sandoval, Diego Santos-Barron, Jose Martin Santos-Colchado, Homero Trejo-Esquivel, Enrique Valerio-Naranjo, Miguel Valerio-Naranjo, Adolfo Vallejo-Meza, Sergio Antonio Vazquez-Rodriguez, Jaime Vela-Garza, Juan Pablo

Villanueva-Gonzalez, Hector Manuel Zanella-Alavrez, Nabor Zeni-Flores and Julio Cesar Zuñiga-Contreras at least $5.85 for every compensable hour each workweek during the 2007-08 tomato season.

66.   Grainger Farms, Inc. violated the minimum wage provisions of the FLSA, 29 U.S.C. §206(a), by failing to pay Plaintiffs Efrain Almaraz-Sanchez, Martin Avila-Perez, Jose Cupertino Banda-Sanchez, Angel Beristien-Baizabal, Heriberto Beristain-Vazquez, Rodolfo Beristain-Vera, Alvaro Cantu-Moran, Silvestre Castillo-Chavez, Valdemar Cortez-Vasquez, Mario Duque-Escobar, Jose Luis Esquivel-Mendez, Juan Francisco Galarza-Rodriguez, Valentin Garcia-Beristain, Misael Garcia-Bonilla, Ignacio Guerrero-Zuñiga, Gabriel Hernandez-Cortez, Apolinar Hernandez-Gallegos, Hector Manuel Hernandez-Hernandez, Jonathan Hernandez-Jimenez, Francisco Javier Jimenez-Muñoz, Juan Angel Jimenez-Olvera, Juan Javier Maldonado-Miranda, Valerio Martinez-Dominguez, Antonio Martinez-Garcia, Alejandro Martinez-Lobato, Alejandro Martinez-Torres, Arturo Mata-Rodriguez, Emmanuel Edison Morales-Tovar, Catarino Olvera-Mora, Pedro Peña-Cruz, Alberto Perez-Elotlan, Raymundo Requena-Castillo, Noe Rios-Valerio, Cesar Armando Rodriguez-Carrizales, Feliciano Rodriguez-Colchado, Orlando Rodriguez-Garcia, Victor Hugo Rodriguez-Moreno, Jose Luis Rodriguez-Santos, Jorge Luis Rojas-Romero, J. Jesus Salazar-Borja, Valeriano Sanchez-Muñiz, Hector Manuel Sania-Alvarez, Agustin Santana-Jarquin, Abelino Santana-Ramirez, Homero Trejo-Esquivel, Lucio Trejo-Tovar, Enrique Valerio-Naranjo, Sabino Valerio-Naranjo, Miguel Valerio-Naranjo, Eduardo Vasquez-Martinez, Feliciano Vega-Barajas, Marcelo Vera-Hernandez, Hector Manuel Zanella-Alavrez, Efrain Zea-Trejo and Leopoldo Zea-Trejo at least $6.55 for every compensable hour each workweek during the 2008-09 Florida tomato season.

67.  The violations of the FLSA as set out in Paragraphs 65 and 66 resulted from the failure of Grainger Farms, Inc. to credit the Plaintiffs with all compensable hours worked, as described in Paragraphs 53 through 56.

68.  The violations of the FLSA as set out in Paragraphs 65 and 66 resulted. in part, from the failure of Grainger Farms, Inc. to reimburse the Plaintiffs during their first week of employment for facilities primarily benefitting Grainger Farms, Inc., including the Plaintiffs' passports, lodging expenses in Matamoros, visa-related expenses, fees for issuance of Form I-94, and the costs of the Plaintiffs' travel from their homes to the area of the company's jobsite, as described in Paragraphs 37 through 47.

69.  As a consequence of the Defendants' violations of the FLSA as set out in this count, each of the Plaintiffs is entitled to his unpaid minimum wages, plus an additional equal amount in liquidated damages, pursuant to 29 U.S.C. §216(b).

70.  Pursuant to 29 U.S.C. §216, Plaintiffs and their counsel are also entitled to recover a reasonable attorney's fee and costs of the action.

## COUNT II

## (BREACH OF CONTRACT)

71. This count sets forth a claim by the Plaintiffs and the other members of the class, for damages arising from the regulations governing the H-2A program, 20 C.F.R. §§655.100, *et seq.*, and Grainger Farms, Inc.'s breaches of the resultant employment contracts, as embodied in the clearance orders filed as part of the temporary labor certification applications for the 2007-08 and 2008-09 tomato harvests filed on behalf of Grainger Farms, Inc.

72. Plaintiffs reallege and incorporate by reference the allegations set forth in Paragraphs 1 through 71 of this Complaint.

73. The terms and conditions of employment contained in the clearance orders filed on behalf of Grainger Farms, Inc., as described in Paragraphs 26 through 31, constituted employment contracts between Grainger Farms, Inc. and the H-2A workers, the terms of which were supplied by federal regulations at 20 C.F.R. §§653.501, 655.102 and 655.103.

74. Grainger Farms, Inc. breached its employment contracts with the Plaintiffs and the other class members by providing terms and conditions of employment that were materially different from those described in the company's clearance orders, including the following:

a. The workers were not paid at least the applicable adverse effect wage rate for their labor;

b. Grainger Farms, Inc. failed to comply with the minimum wage provisions of the FLSA and the Florida Constitution, and employment-related laws;

c. Grainger Farms, Inc. failed to maintain payroll records accurately reflecting the

workers' net earnings as a result of the under-reporting of compensable hours worked as set out in Paragraphs 53 through 56;

      d.     The wage statements furnished by Grainger Farms, Inc. to the workers on payday did not accurately reflect the workers' net earnings as a result of the under-reporting of compensable hours worked as set out in Paragraphs 53 through 56; and

      e.     Grainger Farms, Inc. Failed to provide some of the Plaintiffs with the employment and transportation benefits as promised in the clearance orders, as set out in Paragraphs 58 and 59.

      75.  The breaches of the employment contracts by Grainger Farms, Inc. as set out in this count have caused the Plaintiffs and the other class members damages, including grave financial and other serious injuries.

## COUNT III

## (MINIMUM WAGE PROVISIONS OF FLORIDA CONSTITUTION)

77.  This count sets forth a claim for declaratory relief and damages by the Plaintiffs and the other members of the class for the violations of the minimum wage provisions of the Florida Constitution by Grainger Farms, Inc.

78.  Plaintiffs reallege and incorporate by reference the allegations set forth in Paragraphs 1 through 77 of this Complaint.

79.  Throughout the period the Plaintiffs and the other class members were employed by Grainger Farms, Inc. during the 2007-08 and/or 2008-09 Florida tomato harvests, they were not paid by Grainger Farms, Inc. in compliance with the minimum wage provisions of the Florida Constitution, Article 10 §24.  Among other things, Grainger Farms, Inc. did not credit the workers with, or pay them for, all compensable hours as a result of the practices described in Paragraphs 51 through 60.

80.  In addition, Grainger Farms, Inc. failed to reimburse the Plaintiffs during their initial week of employment each tomato season for pre-employment expenses incurred primarily for the benefit of Grainger Farms, Inc., as set out in Paragraphs 37 through 47, resulting in Plaintiffs and the other class members receiving less than the mandated state minimum wage for their labor.

81.  As a result of the violations of the minimum wage provisions of the Florida Constitution by Grainger Farms, Inc., as described in this count, each of the Plaintiffs and the other members of the class are entitled to recover the amount of his respective unpaid minimum

wages, and an equal amount as liquidated damages, pursuant to Art. 10, §24(e) of the Florida Constitution.

82.   The Plaintiffs are entitled to recover the costs of the action and a reasonable attorney's fee, pursuant to Fla. Stat. §448.08 and Art. 10, §24 of the Florida Constitution.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiffs request that this Court enter an order:

a.     Certifying this case as a class action in accordance with Rule 23(b)(3) of the Federal Rules of Civil Procedure with respect to the claims set forth in Counts II and III;

b.     Declaring that Grainger Farms, Inc. violated the minimum wage provisions of the FLSA, as set forth in Count I;

c.     Declaring that Grainger Farms, Inc. breached its employment contracts with the Plaintiffs and the other class members as set forth in Count II;

d.     Declaring that Grainger Farms, Inc. violated the minimum wage provisions of the Florida Constitution, as set forth in Count III;

e.     Granting judgment in favor of the Plaintiffs and against Grainger Farms, Inc. on the Plaintiffs' FLSA claims as set forth in Count I, and awarding each of the Plaintiffs the amount of his unpaid minimum wages and an equal amount as liquidated damages;

f.     Granting judgment in favor of the Plaintiffs and the other class members and against Grainger Farms, Inc. on the contract claims as set forth in Count II and awarding the Plaintiffs and the class members their actual and compensatory damages;

g.     Granting judgment in favor of the Plaintiffs and the other class members and against Grainger Farms, Inc. on these workers' claims under the minimum wage provisions of the Florida Constitution as set forth in Count III and awarding each of them his unpaid minimum wages and an equal amount in liquidated damages;

-27-

h.   Awarding the Plaintiffs reasonable attorneys' fees and costs of this action, pursuant

to 29 U.S.C. §216, Fla. Stat. §448.08 and Art. 10, §24 of the Florida Constitution; and

j.   Granting such further relief as this Court deems just and appropriate.

Respectfully submitted,


*/s/ Gregory S. Schell*
Gregory S. Schell
Florida Bar Number 287199
Migrant Farmworker Justice Project
508 Lucerne Avenue
Lake Worth, Florida  33460-3819
Telephone:     (561) 582-3921
Facsimile:      (561) 582-4884
e-mail:           Greg@Floridalegal.Org


Attorney for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of March, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:   David J. Stefany of Allen, Norton & Blue, P.A., Suite 225, 324 S. Hyde Park Avenue, Tampa, Florida 33606, attorney for the Defendant.


*/s/ Gregory S. Schell*
Gregory S. Schell