# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FT. MYERS DIVISION

JUAN PABLO VILLANEUVA-
GONZALEZ, et al., individually and on
behalf of all other persons similarly situated,

    Plaintiffs,

v.                                    CASE NO. 2:09-CV-00716-36DNF

GRAINGER FARMS, INC.,

    Defendant.
_____/

## ORDER

This cause comes before the Court on the Report and Recommendation filed by Magistrate Judge Douglas Frazier, on August 9, 2011 (Doc. 63). In the Report and Recommendation, Judge Frazier recommends that the Court grant in part and deny in part Plaintiffs' Juan Pablo Villaneuva-Gonzalez , *et al.* ("Plaintiffs") Motion for Attorney Fees and Costs (Doc. 58), filed on March 8, 2011. On August 22, 2011 Plaintiffs objected to the Report and Recommendation (Doc. 64).

## BACKGROUND

This action was brought by Mexican nationals who performed agricultural work for Defendant Grainger Farms, Inc. ("Defendant") through the H-2A guest worker visa program between 2007-2009. *See* Doc. 36, p. 3. Plaintiffs sought relief under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* and Article 10, § 24 of the Florida Constitution. *Id.* at 3-4. On January 21, 2011, the parties filed a Joint Motion for Approval of Settlement Agreement (Doc. 52). This settlement was subsequently approved by the Court (Doc. 54), however, counsel for Plaintiffs reserved the right to seek to recover reasonable attorneys' fees and costs. *See* Doc. 53, p. 2. On

March 8, 2011, Plaintiffs filed a Motion for Attorney Fees and Costs, requesting attorneys' fees in the amount of $172,005.50 and costs in the amount of $30,567.56. *See* Docs. 58, 59. In the Report and Recommendation, Magistrate Judge Frazier recommends the Court award attorneys' fees in the amount of $68,987.50 and costs in the amount of $10,978.46 to Plaintiffs. *See* Doc. 63, p. 29. Plaintiffs object to the Magistrate's finding that the Plaintiffs' mediator fee was not recoverable. *See* Doc. 64.

## STANDARD

A Magistrate Judge has the authority to make reports and recommendations to the District Court on post-judgment matters, such as fee and costs petitions. *See* 28 U.S.C. § 636(b)(1). If a party files a timely objection to the report and recommendation, the District Judge may accept, reject, or modify in whole or in part, the report and recommendation of the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with further instructions. *Id.* The District Judge makes a *de novo* determination regarding those portions of the report and recommendation to which objection is made. 28 U.S.C. § 636 (b)(1)(C).

## ANALYSIS

Plaintiffs asserts that the Magistrate erred by not following "existing law in the Middle District which dictates FLSA Plaintiffs are entitled to receive reimbursement of their reasonable out-of-pocket expenses as part of their attorneys' fee award. *See* Doc. 64, p. 3. To that end, Plaintiffs point to *Gideon Wales et al. v. Jack M. Berry, et al.*, 192 F.Supp.2d 1313 (M.D.Fla. 2001). In *Wales*, plaintiff's counsel was reimbursed for travel, meals, lodging, photocopying, long-distance telephone calls, postage, courier service, mediation, exhibits, document scanning, and visual

equipment. *Id.* In doing so, the Court held, "[t]hese types of litigation expenses are recoverable under the FLSA as part of an attorney's fee award". *Id.* at 1329.

In finding that Plaintiffs are not entitled to mediation expenses, the Magistrate cites *Williams v. R.W. Cannon, Inc.*, 657 F.Supp.2d 1302, 1317 (S.D.Fla. 2009). In *Williams*, the Court noted the apparent split of authority in the 11th Circuit regarding the manner in which expenses such as a mediator's fee is treated in the context of an FLSA case. *Id.* at 1317. The *Williams* Court noted that some courts, including the court in *Wales*, consider fees related to mediation "litigation expenses" and not "costs," thus rendering them recoverable as part of the attorneys' fees award, while others consider them unrecoverable "costs," as they are not specifically enumerated under 28 U.S.C. § 1920. *Id.* at 1317-18. Despite this, the *Williams* Court found that expenses such as mediation fees were unrecoverable based on the policy rationale behind the cost-shifting provisions of the FLSA, coupled with the Court's limited authority to award litigations costs that fall outside of the scope of § 1920. *Id.*

Plaintiffs further argue that the Magistrate's reliance on *Gary Brown & Associates, Inc. v. Ashdon, Inc.*, 268 Fed.Appx. 837 (11th Cir. 2008), is improper because that case "has nothing to do with the FLSA's attorneys-fees provision, or any other fee shifting statute." *See* Doc. 64, p. 4. However, *Brown* is not the only case supporting the proposition that a prevailing party is not entitled to mediation expenses in the FLSA context. *See e.g.*, *Bartle v. RX Options, Inc.* 2009 WL 1035251 at *3 (S.D.Fla. Apr. 16, 2009) (FLSA action where the court found various costs, such as those associated with mediation, were not permitted under 28 U.S.C. § 1920).

Therefore, after careful consideration of the Report and Recommendation of the Magistrate Judge, in conjunction with an independent examination of the court file, the Court is of the opinion

that the Magistrate Judge's Report and Recommendation should be adopted, confirmed, and approved in all respects.

Accordingly, it is hereby **ORDERED and ADJUDGED**:

1. The Report and Recommendation of the Magistrate Judge (Doc. 63) is adopted, confirmed, and approved in all respects and is made a part of this order for all purposes, including appellate review.

2. Plaintiffs', Juan Pablo Villaneuva-Gonzalez, *et al.,* Motion for Attorney Fees and Costs (Doc. 58) is **GRANTED in part** and **DENIED in part**. The Court awards attorneys' fees in the amount of $68,987.50 and costs in the amount of $10,978.46 to Plaintiffs and against Defendant Grainger Farms, INC.

3. The Clerk is directed to enter judgment accordingly.

**DONE AND ORDERED** at Ft. Myers, Florida, on November 21, 2011.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

**COPIES TO**:
COUNSEL OF RECORD